UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

RICHARD SAGALL, individually and on
behalf of all others similarly situated,

                  Plaintiff,

   -v.-

SAVIENT PHARMACEUTICALS, INC., et al.,

               Defendants.

-----------------------------------------------------------------x



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/12/09

08 Civ. 10262 (GEL)

**ORDER**

GERARD E. LYNCH, District Judge:

    In this securities fraud putative class action, the Court is confronted with competing motions for appointment as lead plaintiff from Melinda Schaefer and Lawrence J. Koncelik, Jr. Schaefer's motion will be denied and Koncelik's granted.

    Under the PSLRA, there is a "rebuttable presumption" that the most "adequate plaintiff" to be appointed lead plaintiff is the movant who "has the largest financial interest in the relief sought by the class" and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) and (cc).

    Koncelik has by far the largest financial interest of the movants for lead plaintiff status. He documents losses of $484,435.00 as a result of the alleged fraud by defendant Savient Pharmaceuticals, Inc., compared to only $30,402.25 in losses suffered by Schaefer. While Schaefer claims that Koncelik exaggerates his loss by "tens of thousands of dollars" (Schaefer Opp. 2; Schaefer Reply Mem. 2), Koncelik's losses could be reduced by an amount far in excess of Schaefer's total loss, and still be ten times greater than hers.

    Schaefer principally argues that Koncelik would not be an adequate class representative under Rule 23, and would be "subject to unique defenses" that would be an obstacle to class certification, 15 U.S.C. § 78u-4(a)(3)(b)(iii)(I), because he engaged in "exotic" trading strategies, including selling call options on Savient stock. (Schaefer Opp. 2-3; Schaefer Reply Mem. 5.) This fear is unsupported by the record.

    First, putting aside all options trading, Koncelik suffered losses of nearly $150,000 in common stock holdings alone, an amount many times the losses suffered by Schaefer. He thus is the member of the putative plaintiff class (of those that have come forward) with the largest losses from common stock purchases alone. Second, Koncelik's interests were fully aligned with the shareholder class during the relevant time period. At all relevant times he held a long

position in stock and options, and his losses were suffered as a result of that long position in both stock and options. Koncelik unquestionably bet on Savient's stock price going up, and lost as a result. Third, there is no reason uniquely applicable to Koncelik, as compared to any other class member, to doubt that Koncelik relied on publicly-available market information – including Savient's allegedly misleading failure to disclose negative drug test results – in formulating his investment strategy. The supposed sophistication of his trading in options, as well as common stock, suggests no special sources of information or failure to rely on ordinary market factors in deciding whether to invest in Savient.

Schaefer's argument that Koncelik in fact bet *against* the company misreads Koncelik's investments in a way that calls into question her and her attorneys' understanding of the relevant market. While Schaefer conclusorily suggests that Koncelik's "exotic trading" (Schaefer Opp. 4) is equivalent to short selling, or simply is too unusual to permit him to represent the class of ordinary investors, Koncelik carefully documents the nature of his sale of the sale of "covered calls" as a strategy that shares "virtually dollar-for-dollar" in losses caused by stock price declines, but caps the upside potential in exchange for a cash payment. (Koncelik Reply Mem. 3-5.) The Chicago Board Options Exchange describes such a strategy as "basic" rather than exotic, and as "neutral to moderately bullish," as distinct from the strategy of selling short. (Id. 4 & Ex. A.) Koncelik's rather modest use of this hedging strategy had little effect on the extent of his losses from investing in Savient, and creates no "unique defenses" or plausible objections by defendants to his ability and interest in representing this class.

Finally, Koncelik seeks approval of his retention of Pomerantz Haudek Block Grossman & Gross LLP as class counsel. This firm is a distinguished and successful plaintiffs' securities firm, fully capable of prosecuting this action vigorously and successfully. While Shaefer has retained an equally well-qualified firm, thus rendering Koncelik's selection of counsel a neutral factor in the Court's decision to prefer Koncelik to Schaefer, the fact that Koncelik has retained such able counsel confirms that he will energetically and effectively pursue the interests of the shareholder class.

Accordingly, for the foregoing reasons, the Court denies the motion of Melinda Schaefer for appointment as lead plaintiff, grants the similar motion of Lawrence J. Koncelik, Jr., appoints Koncelik as lead plaintiff, and approves the selection of the Pomerantz firm as class counsel.

SO ORDERED.

Dated: New York, New York
      March 12, 2009

 

GERARD E. LYNCH
United States District Judge

2