**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LAWRENCE J. KONCELIK JR.,<br><br>Lead Plaintiff,<br><br>v.<br><br>SAVIENT PHARMACEUTICALS, INC., CHRISTOPHER G. CLEMENT, ZEBULUN, and D. HOROWITZ,<br><br>Defendants. | **Civil Action No. 08-cv-10262 (GEL)** |

**LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL LIFTING OF THE DISCOVERY STAY**

Marc I. Gross
Tamar A.Weinrib
Fei-Lu Qian
**POMERANTZ HAUDEK GROSSMAN & GROSS LLP**
100 Park Avenue, 26th Floor
New York, New York 10017
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

Patrick V. Dahlstrom
**POMERANTZ HAUDEK GROSSMAN & GROSS LLP**
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

**LAW OFFICES OF MARY M. WHELAN, ESQ.**
12 East Harbor Drive
P.O. Box 2299
Sag Harbor, New York 11963

*Attorneys for Lead Plaintiff*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

I. INTRODUCTION ........ 1

II. ARGUMENT ........ 2

A. The PSLRA's Discovery Stay Should Be Partially Lifted ........ 2

1. Partial Lifting of The Discovery Stay is Necessary to Avoid Undue Prejudice to Plaintiff ........ 3
2. Partial Lifting of The Discovery Stay is Necessary to Preserve Evidence ........ 5
3. Plaintiff's Request is Sufficiently Particularized ........ 6
4. Lifting The Discovery Stay Will Not Frustrate the Policies of the PSLRA and Will Not Burden Defendants ........ 7
5. Preservation Also Imposes Minimal Burden On Third Parties ........ 8

III. CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**CASES** Page

*In re CFS-Related Sec. Fraud Litig.*, 179 F. Supp. 2d 1260 (N.D. Okla. 2001) .......... 5

*In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.*, MDL No. 1725, 2007 U.S. Dist. LEXIS 10408 (E.D. Mich. Feb. 15, 2007) .......... 3

*In re Flir Sys., Inc. Sec. Litig.*, No. 00-360-HA, 2000 U.S. Dist. LEXIS 19391 (D. Or. Dec. 13, 2000) .......... 9

*In re Fluor Corp. Sec. Litig.*, No. SA CV 97-734 AHS, 1999 U.S. Dist. LEXIS 22128 (C.D. Cal. Jan. 15, 1999) .......... 5

*Global Intellicom, Inc. v. Thomson Kernaghan*, No. 99 Civ. 342 (DLC), 1999 U.S. Dist. LEXIS 5439 (S.D.N.Y. Apr. 15, 1999) .......... 5

*In re Grand Casinos Sec. Litig.*, 988 F. Supp. 1270 (D. Minn. 1997) .......... 3, *et passim*

*In re LaBranche Sec. Litig.*, 333 F. Supp. 2d 178 (S.D.N.Y. 2004) .......... 7

*In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100 (D. Mass. 2002) .......... 3-4, 7

*Medical Imaging Ctrs. of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717 (S.D. Cal. 1996) .......... 5, 7

*In re Nat'l Century Fin.*, 347 F. Supp. 2d 538 (E.D. Ohio 2004) .......... 4, 6

*Neibert v. Monarch Dental Corp.*, No. 3-99-CV-762-X, 1999 U.S. Dist. LEXIS 22312 (N.D. Tex. Oct. 20, 1999) .......... 9

*Novak v. Kasaks*, No. 96 Civ. 3073, 1996 U.S. Dist. LEXIS 11778 (S.D.N.Y. Aug. 15, 1996) .......... 10

*In re Refco, Inc. Sec. Litig.*, No. 05 Civ. 8626, 2006 U.S. Dist. LEXIS 55639 (S.D.N.Y. Aug. 8, 2006) .......... 9

*In re Royal Ahold N.V. Sec. & ERISA Litig.*, 319 F. Supp. 2d 634 (D. Md. 2004) .......... 4

*SG Cowen Sec. Corp. v. United Stated Dist. Court*, 189 F.3d 909 (9th Cir. 1999) .......... 8

Page

*In re Silicon Graphics, Inc. Sec. Litig.*, 970 F. Supp. 746 (N.D. Cal. 1997) ..... 3

*In re Tyco Int'l, Ltd. Sec. Litig.*, MDL No. 00-MD-1335-B, 2000 U.S. Dist. LEXIS 11659 (D.N.H. July 27, 2000) ..... 5-6, 9

*Vacold LLC v. Cerami*, No. 00 Civ. 4024, 2001 U.S. Dist. LEXIS 1589 (S.D.N.Y. Feb. 16, 2001) ..... 4, 8

*Vezzetti v. Remec, Inc.*, Civ. No. 99 CV 0796, 2001 U.S. Dist. LEXIS 10462 (S.D. Cal. July 20, 2001) ..... 9-10

*In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129 (S.D.N.Y. 2003) ..... 4

*In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301 (S.D.N.Y. 2002) ..... 7, 8

**STATUTES**

Private Securities Litigation Reform Act of 1995 (PSLRA) 15 U.S.C. § 78u-4(b)(3)(B) ..... 1, 2-3

# I. INTRODUCTION

Lead Plaintiff Lawrence J. Koncelik, Jr. ("Plaintiff") respectfully submits this memorandum of law in support of his motion to partially lift the stay of discovery set forth in Section 21(D)(b)(3)(B) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B) in order to:

1. compel identification by Defendants of certain third party corporations;
2. permit service of preservation subpoenas submitted herewith on those third party corporations.

This is a securities fraud class action brought on behalf of investors who purchased shares of Savient Pharmaceuticals, Inc. during the period December 13, 2007 to October 27, 2008. During that time frame, defendants touted the purported clinical trial results for a new drug product, pegloticase, which is intended for the treatment of severe gout. Savient's ability to get FDA approval to market pegloticase depended upon the efficacy of the treatment, as well as the absence of any serious side effects. As detailed in the Amended Complaint, while insisting that the clinical trial showed "robust" results, defendants failed to disclose very serious side effects, i.e., that 5% of the patients receiving the drug suffered cardiovascular events, while none of the patients in the placebo group had similar problems. Belated disclosure of this material adverse information, which indicated that the market had been misled regarding the likelihood of FDA approval, caused the price of Savient shares to plummet over 60%.

This motion is prompted by the stay imposed on any merits discovery during the pleading stage of a securities fraud class action. Although the PSLRA's discovery stay is automatic, it is not absolute. 15 U.S.C. §78u-4(b)(3)(B). The stay may be lifted upon a showing that particularized discovery is necessary to prevent undue prejudice or necessary to preserve evidence. *Id.*

Plaintiff's efforts to prove its claims will be prejudiced unless the stay is partially lifted in order to alert third party corporations, who have no liability for these claims, to the existence of these claims and the need to preserve evidence that could be very probative, i.e., *all documents concerning their review of Savient's clinical data and their decision not to proceed with a business relationship with the Company*. Shortly before the disclosure on October 27, 2008 regarding the adverse cardiovascular events, Savient had shared its clinical trial data with a number of other pharmaceutical companies who expressed interest in either entering a joint marketing agreement with the Company or acquiring it altogether. *See* Amended Complaint ¶ 33. However, once those third parties reviewed the data, they all declined to proceed. *Id.* at ¶¶ 44-45. Plaintiff's case will clearly benefit to the extent it can be shown that the decision was impacted by the data shared with the third parties but withheld from the public.

By this motion, plaintiff does not seek production of the relevant documents – only their preservation so that when discovery proceeds, they will be available. This request will not prejudice the Defendants, will create only a minimal burden for the third parties, and will ensure that critical evidence is not unintentionally destroyed or discarded. Consequently, this motion should be granted.

## II. ARGUMENT

### A. The PSLRA's Discovery Stay Should Be Partially Lifted

Although the PSLRA imposes a stay of discovery while a motion to dismiss is pending, the statute allows the Court to lift the stay under appropriate circumstances:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B); *In re Grand Casinos Sec. Litig.*, 988 F. Supp. 1270, 1272 (D. Minn. 1997) (explaining that Congress gave district courts discretion to grant relief from the stay); *In re Silicon Graphics, Inc. Sec. Litig.*, 970 F. Supp. 746, 760 (N.D. Cal. 1997) (same); *See also In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.*, 2007 U.S. Dist. LEXIS 1048, at *12-*14 (E.D. Mich. Feb. 15, 2007) (noting that if Congress had intended an absolute stay on discovery, it would not have authorized a judicial reprieve). Thus, by its terms, the PSLRA expressly provided courts with discretion to lift the statutory stay of discovery in whole or in part "upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. §78u-4(b)(3)(B).

As detailed below, courts have modified the stay when (i) doing so is not inconsistent with the statute's legislative purposes; (ii) the documents and information sought are limited and sufficiently "particularized;" (iii) the production is not overly burdensome to the defendants; and (iv) the plaintiffs will suffer undue prejudice or the discovery is needed to preserve evidence.

The discovery here is very limited in scope and neither unduly burdensome nor costly. Items being sought here: (1) basic information, including the names and addresses of non party companies that Savient allowed to review its pegloticase data and trial results in connection with either a licensing partnership or a possible acquisition of the Company and (2) using the obtained information to serve document preservation subpoenas on those third parties to give them notice of this action and to request that they preserve documents related to their respective dealings with Savient.

**1. Partial Lifting of The Discovery Stay is Necessary to Avoid Undue Prejudice to Plaintiff**

The PSLRA stay may be lifted to "prevent undue prejudice to that party" making the motion. 15 U.S.C. § 78u-4(b)(3)(B). "Undue prejudice requires a showing of improper or unfair

detriment that need not reach the level of irreparable harm." *In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d. 100, 107 (D. Mass. 2002); *Vacold LLC v. Cerami,* 2001 U.S. Dist. LEXIS 1589, at *22-*23 (S.D.N.Y. Feb. 16, 2001) (same). Courts have routinely "lifted the discovery stay on the ground of 'undue prejudice' when defendants would be unfairly shielded from liability." *In re Vivendi Sec. Litig.*, 381 F.Supp. 2d 129, 130 (S.D.N.Y. 2003) (citing *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 306 (S.D.N.Y. 2002)); *See also In re Royal Ahold N.V. Sec. & ERISA Litig.*, 319 F. Supp. 2d 634, 635 (D. Md. 2004) (lifting the discovery stay to prevent an undue prejudice to plaintiffs' "ability to litigate and, most significantly, resolve as expeditiously as possible their claims against the defendants").

Partially lifting the stay of discovery for the limited purpose of compelling identification of third parties and issuance of preservation subpoenas will prevent Plaintiff from suffering undue prejudice. Without access to the names of the third parties, Plaintiff will be unduly hampered in his preparation of this action and his advocacy on behalf of the Class of Savient investors as information related to the eventual collapses of the potential licensing partnerships and acquisition are critical to the claims in the Amended Complaint. Given the fact that the suitor withdrew its offer after conducting its due diligence, it suggests that the clinical trial data raised concerns during the Class Period and the drug was not "robust" as represented to the investing public. Furthermore, the likely loss or destruction of documents and evidence by the non parties would likely cause actual prejudice to Plaintiff. *See In re Nat'l Century Fin.*, 347 F. Supp. 2d 538, 542 (E.D. Ohio, 2004) (finding that the destruction of the documents and electronic information held by a non-party "will likely cause actual prejudice to the Plaintiffs").

In addition, without such documents from the third party entities, Plaintiff and the Class will be unduly prejudice by shielding defendants "from eventual liability for any material

violations of the securities laws." *Medical Imaging Centrs. of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717, 721 n.3 (S.D. Cal. 1996). By shielding defendants from eventual liability, Plaintiff will be prevented from obtaining a proper redress in this Court. *See Global Intellicom, Inc. v. Thomson Kernaghan*, 1999 U.S. Dist. LEXIS 5439, at *4-*5 (S.D.N.Y. Apr. 15, 1999) (finding undue prejudice to the plaintiff where redress in the forum is questionable).

**2. Partial Lifting of The Discovery Stay is Necessary to Preserve Evidence**

Granting Plaintiff's request for partially lifting the discovery stay is necessary to preserve evidence. Although the PSLRA does not explicitly define the requirements for proving such necessity, courts have generally required the party requesting discovery to preserve evidence must present more than mere "generalizations of fading memories and allegations of possible loss or destruction." *In re Fluor Corp. Sec. Litig.*, 1999 U.S. Dist. LEXIS 22128, at *7 (C.D. Cal. Jan. 15, 1999). Rather, a party must provide a sufficient showing that "the loss of evidence is imminent as opposed to merely speculative." *In re CFS-Related Sec. Fraud Litig.*, 179 F. Supp. 2d 1260, 1265 (N.D. Okla. 2001). As one court has observed, "[u]nlike the evidence in the parties' care, custody or control, the documentary evidence of third parties is not expressly subject to any preservation Order and, inadvertently or otherwise, such evidence may be destroyed before the Court rules on the pending dispositive motion." *Grand Casinos*, 988 F. Supp. at 1272. In order to prevent the destruction of critical evidence, the instant motion should be granted.

Significant risks exist that documents in the possession of third parties that Plaintiff intends to subpoena will be destroyed as their interests in Savient have ended. Right now, there is no reason for such third parties to preserve documents related to their review of Savient as "these third parties have not necessarily received actual notice of this action." *In re Tyco Int'l, Ltd. Sec.*

*Litig.*, 2000 U.S. Dist LEXIS 11659, at *9 (D.N.H. July 27, 2000). One main concern is the destruction of information in electronic format, including, but not limited to, electronic mail. As one court noted, tailored preservation subpoenas on third parties are necessary to preserve evidence because "large corporations typically overwrite and thereby destroy electronic data in the course of performing routine backup procedures." *Id. See Nat'l Century*, 347 F. Supp. 2d at 542 (granting non-party preservation subpoena where "there is concern that documents will be destroyed in the regular course of business or in accordance with document destruction policies."). Thus, if these third party entities are not notified of their obligations to preserve documents, it is likely that much of their documents related to their dealings with Savient will be destroyed in accordance with pre-set computer programs and/or other document destruction policies.

**3. Plaintiff's Request is Sufficiently Particularized**

In order to satisfy the "particularized discovery" requirement, "a discovery request is particularized to the extent that it is directed at specific persons" and "it identifies specific types of evidence that fall within its scope." *Tyco Int'l*, 2000 U.S. Dist. LEXIS 11659, at *12. Here, Plaintiff has limited the request to documents concerning those particular non party companies' review of Savient's clinical data, and their decision not to pursue a business relationship with the Company.

Moreover, the '"discovery' is distinctly 'particularized' for it does no more than 'preserve evidence' in the care, custody or control of third-parties, who will not be subjected to any intrusive investigation unless the motion to dismiss is denied." *Grand Casinos*, 988 F. Supp. at 1273. Here, plaintiff is not seeking to require these third party companies to produce documents, but only to preserve relevant material that is currently in their possession. Indeed,

along with service of the subpoenas, plaintiff would serve the respective non-parties with a letter explaining that the third party companies need only preserve documents at this time.

**4. Lifting The Discovery Stay Will Not Frustrate the Policies of the PSRLA and Will Not Burden Defendants**

According to the statute's legislative history, the purpose of the stay is "to minimize the incentives for plaintiffs to file frivolous securities class actions in the hope either that corporate defendants will settle those actions rather than bear the high of cost of discovery, *see* H.R. Conf. Rep. No. 104-369, at 37 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 736, or that the plaintiff will find during discovery some sustainable claim not alleged in the complaint, *see* S. Rep. No. 104-98, *reprinted in* 1995 U.S.C.C.A.N. 679, 693." *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d, 301, 305 (S.D.N.Y. 2002). *See also In re LaBranche Sec. Litig.*, 333 F. Supp. 2d 178, 181 (S.D.N.Y. 2004).

A limited production of documents and information poses no threat of the abusive litigation tactics addressed by the PSLRA. In the *Medical Imaging* matter, the court explained:

> The introductory paragraphs of the Statement of Managers for the Reform Act noted that Congress, in passing this new legislation, was "prompted by significant evidence of abuse in private securities lawsuits," which Congress found to include, "the abuse of the discovery process to impose costs so burdensome that it is often economical for the victimized party to settle." Congress also noted, however, the broader purpose of the federal securities laws, "to protect investors and to maintain confidence in the securities markets, so that our national savings, capital formation and investment may grow for the benefit of all Americans."... Using an "undue prejudice" standard in applying the exception to the statutory discovery stay appropriately attempts to balance the competing concerns of maintaining truth and integrity in the marketplace while curbing meritless litigation.

917 F. Supp. at 720-21 (citation omitted, footnote omitted).

Clearly, neither of Congress's concerns in enacting the PSLRA discovery stay (fishing expeditions and extortionate settlements in frivolous cases) is implicated here. *See e.g., Lernout*

*& Hauspie*, 214 F. Supp. 2d at 106 (permitting limited discovery where "[n]either of the perceived abuses addressed by Congress is present"); *Vacold*, 2001 U.S. Dist. LEXIS 1589, at *24 (modifying the discovery stay where the request "does not implicate a concern that plaintiffs are seeking discovery to coerce a settlement or to support a claim not alleged in the Complaint."). The Amended Complaint alleged that Savient securities were inflated, in part because the defendants failed to disclose the five additional cardiovascular SAEs to investors even though the truth of the clinical trial data was known to defendants during the Class Period when the Company failed to obtain a licensing partner and failed to be purchased by the major global pharmaceutical company. Accordingly, the document preservation subpoenas are limited to only these third parties.

Plaintiff does not dispute that the PSLRA's discovery stay was "intended to prevent unnecessary imposition of discovery costs on defendants." *SG Cowen Sec. Corp. v. United States Court*, 189 F.3d 909, 911 (9th Cir. 1999) (quoting H.R. Conf. Rep. No. 104-39, at 32 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 731). When deciding whether or not to lift or modify the PSLRA stay of discovery, "it is customary to consider whether a production request placed an undue burden on the party from which it is requested." *WorldCom*, 234 F. Supp. 2d at 306. Here, there is no burden to defendants in just producing the names and addresses of the third party companies that should be readily available to them. Similarly, as there was an offer by the major global pharmaceutical company to acquire Savient that triggered a due diligence review, the defendants should have the information about this company readily available as well.

**5. Preservation Also Imposes Minimal Burden On Third Parties**

In contrast to the potential prejudice to Plaintiff and the Class if important evidence gets lost, the burden on third parties required to preserve evidence is relatively minor. At this stage, a

document-by-document review is unnecessary. Instead, a third party only needs to ensure that the relevant documents are preserved from accidental or intentional deletion or destruction. Moreover, the truth is that document preservation subpoenas promise to dramatically reduce the expenses of parties and third parties in this litigation. In the absence of the requested relief, relevant documents will be destroyed before document production subpoenas can be served.

The burden placed upon these third parties to comply with the proposed sample subpoena is light, especially when compared to the importance of the evidence at issue. Courts faced with similar circumstances have granted the relief requested here. *See e.g., Grand Casinos*, 988 F. Supp. 1270 (lifting stay to permit service of third party document preservation subpoenas); *Tyco, Int'l*, 2000 U.S. Dist LEXIS 11659, at *15 (concluding that "service of a limited number of particularized preservation subpoenas on third parties is consistent with the language and purpose of the *PSLRA*" and granting authority to serve such subpoenas); *Neibert v. Monarch Dental Corp.,* 1999 U.S. Dist. LEXIS 22312 (N.D. Tex. Oct. 20, 1999) (granting plaintiff's request to serve document preservation subpoenas on third parties); *In re Flir Syst., Inc. Sec. Litig.*, 2000 U.S. Dist. LEXIS 19391, at *6 (D. Or. Dec. 13, 2000) (allowing discovery because it was not being sought against the defendant, but against a third party; thus discovery would not impose any significant burden on the named defendants); *See In re Refco, Inc. Sec. Litig.*, 2006 U.S. Dist. LEXIS 55639, at *15 (S.D.N.Y. Aug. 8, 2006) (permitting plaintiffs "to serve subpoenas requiring third parties to preserve relevant information."). In *Vezzetti v. Remec, Inc.*, 2001 U.S. Dist LEXIS 10462 (S.D. Cal. July 20, 2001), for example, the court fearing that third parties would unintentionally destroy relevant documents during the discovery stay, it granted plaintiff's leave to serve preservation subpoenas without showing "'exceptional circumstances'" because they were only preservation subpoenas. *Novak v. Kasaks*, 1996 U.S. Dist. LEXIS 11778

(S.D.N.Y. Aug. 15, 1996) (ordering "that all nonparties upon whom subpoenas have been served in this action are to preserve all documents and other materials responsive to such subpoenas subject to further order of the Court").

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion should be granted in its entirety.

Dated: May 13, 2009
New York, New York

Respectfully submitted,

**POMERANTZ HAUDEK GROSSMAN & GROSS LLP**

/s Marc I. Gross
Marc I. Gross
Tamar A. Weinrib
Fei-Lu Qian
100 Park Avenue, 26th Floor
New York, New York 10017
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

**POMERANTZ HAUDEK GROSSMAN & GROSS LLP**
Patrick V. Dahlstrom
Ten South La Salle Street
Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

**LAW OFFICE OF MARY M. WHELAN, ESQ.**
12 East Harbor Drive
P.O. Box 2299
Sag Harbor, New York 11963

*Attorneys for Lead Plaintiff, Lawrence J. Koncelik, Jr.*