UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

LAWRENCE J. KONCELIK JR.,

                Plaintiff,

   -v.-

SAVIENT PHARMACEUTICALS, INC., et al.,

                Defendants.

------------------------------------------------------------x

08 Civ. 10262 (GEL)

**OPINION AND ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/10/09

GERARD E. LYNCH, District Judge:

      This is a securities class action brought on behalf of investors who purchased shares of Savient Pharmaceuticals, Inc. from December 13, 2007, to October 27, 2008. Lead Plaintiff Lawrence Koncelik, Jr. alleges that although defendants Savient Pharmaceuticals, Inc., Christopher G. Clement, and Zebulun D. Horowitz praised the clinical trial results for pegloticase (brand name: Krystexxa) – a new drug intended to treat severe gout – they failed to disclose that 5% of the patients given the drug suffered cardiovascular events, while none of the patients given the placebo experienced such events. Once this information was disclosed, the price of Savient shares fell by more than 60%.

      On May 13, 2009, plaintiff moved for a partial lifting of the stay of discovery effectuated by Section 21(D)(b)(3)(B) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B). In particular, plaintiff seeks to compel identification by defendants of certain third party corporations and to serve preservation subpoenas on those corporations. For the reasons discussed below, the motion will be granted.

Pursuant to 15 U.S.C. § 78u-4(b)(3)(B), in a securities fraud class action "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss." § 78u-4(b)(3)(B). The stay may be lifted, however, upon a showing "that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to th[e requesting] party." Id. "With regard to the particularized discovery exceptions, 'a discovery request is particularized' when 'it is directed at specific persons,' and 'it identifies specific types of evidence that fall within its scope.'" Fisher v. Kanas, No. 06 Civ. 1187, 2006 WL 2239038, at *2 (E.D.N.Y. Aug. 4, 2008), quoting In re Tyco Int'l, Ltd. Sec. Litig., No. 00 Civ. 1335, 2000 U.S. Dist. LEXIS 11659, at *12 (D.N.H. July 27, 2000). "'Undue prejudice' in the context of a discovery stay means improper or unfair treatment amounting to something less than irreparable harm." In re Smith Barney Transfer Agent Litig., No. 05 Civ. 7583, 2006 U.S. Dist. LEXIS 42646, at *6 (S.D.N.Y. June 26, 2006) (citations omitted); see also 380544 Canada, Inc. v. Aspen Technology, Inc., No. 07 Civ. 1204, 2007 WL 2049738, at *1 (S.D.N.Y. July 18, 2007); Vacold LLC v. Cerami, No. 00 Civ. 4024, 2001 WL 167704, at *6 (S.D.N.Y. Feb. 16, 2001).

Applying these standards, plaintiff has demonstrated that a partial lifting of the stay is warranted. Plaintiff's request is particularized, as it seeks only the identity of the third party corporations with which Savient communicated in an attempt to identify a licensing partner for pegloticase, and the identity of the global pharmaceutical company that offered to acquire Savient but subsequently withdrew its offer. Moreover, although the preservation subpoenas plaintiff expects to serve on those companies are broad, they require only the preservation of documents, not the documents' actual production.

Plaintiff's request is also necessary to prevent him from being prejudiced by the loss of evidence. Although defendants contend that all material relevant to Savient's search for a

2

licensing partner is being preserved in an electronic due diligence depository, and that any documents containing the reactions of third parties not found in the depository are irrelevant or inadmissible (D. Mem. 1, 5-8), Rule 26 of the Federal Rules of Civil Procedure establishes a broad standard for discovery of information. Under that rule, to be relevant and therefore discoverable, "information need not be admissible," but only *reasonably calculated to lead to the discovery of admissible evidence.*" Fed. R. Civ. P. 26(b)(1) (emphasis added). Neither plaintiff nor the Court is required to accept at face value defendants' blithe assurances that nothing in the third-party companies' files can possibly be discoverable under this broad standard.

Even if trial admissibility were the standard, moreover, what will or will not ultimately prove to be admissible cannot be established with any degree of certainty at this early stage in the litigation. The only thing that is certain is that without preservation subpoenas, the third party corporations in possession of potentially relevant information are free to destroy that information. As the applicable case law makes clear, plaintiff need not show that loss of the information he seeks would result in irreparable harm, but only that subjecting him to such loss constitutes improper or unfair treatment. Plaintiff plainly meets this standard and has thus provided ample justification for a partial lifting of the stay. As at least one federal court has noted, "[i]t may be necessary to issue a preservation subpoena to a non-party when the non-party does not have actual notice of the litigation or when the non-party is a corporate entity which typically destroys electronic information by 'performing routine backup procedures.'" In re Nat'l Century Fin., 347 F. Supp. 2d 538, 542 (E.D. Ohio 2004) (quotation omitted).

While defendants claim that service of preservation subpoenas on companies they have engaged as potential business partners will have a "chilling" effect on those companies' future

3

willingness to do business with Savient (D. Mem. 1, 10-11), whether due to damage to Savient's reputation or to a fear of being served with discovery suboenas in this case is entirely speculative. Any well-informed potential business partner of Savient likely already knows of the allegations contained in the complaint, particularly if the partner is considering entering into a licensing agreement that pertains to the very drug involved in this litigation. The service of preservation subpoenas that plaintiff seeks would therefore occasion no reputational damage beyond whatever damage, if any, has already resulted from the filing of this action.

Moreover, any rational potential business partner should understand that any threat of being drawn into this litigation via discovery would be based on a company's past connection to the events of this case, and not on any future business they might choose to conduct with Savient, whether or not that business involves pegloticase. Accordingly, there is no rational basis for concluding that granting plaintiff's motion will deter any company from doing business with Savient.[1]

As plaintiff has demonstrated that particularized discovery is necessary to preserve evidence or to prevent undue prejudice in this matter, the standard for lifting the automatic stay has been met. It is therefore hereby ORDERED:

1. Plaintiff's motion for a partial lifting of the automatic stay of discovery imposed by Section 21(D)(b)(3)(B) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), is granted to the following extent:

---

[1] Defendants also assert that Savient's relationships with potential business partners may be damaged on account of the possibility that those partners will be required to turn over "internal, third-party deliberations" that will necessarily be subject to review by Savient in its attempt to defend against this action. (D. Mem. 10-11.) This claim, however, is premature, as plaintiff has made clear that – at this juncture – he is not seeking the production of any documents, but only their preservation. (P. Mem. 2, 6.) Until and unless the legal sufficiency of the complaint is established, there will be no production of documents.

(a) Defendants are directed to provide the names and addresses of the third party companies with which Savient has communicated in an effort to locate a licensing partner for the drug pegloticase, which is also known as Krystexxa and was formerly known as Puricase.

(b) Defendants are directed to produce the name and address of the major global pharmaceutical company that offered to acquire Savient, but subsequently terminated and withdrew its offer.

2. The automatic stay of discovery effectuated by Section 21(D)(b)(3)(B) is further modified so as to permit plaintiff to serve document preservation subpoenas on any of the third party companies identified by defendants that he believes possess relevant information.

SO ORDERED.

Dated: New York, New York
August 6, 2009

*[signature]*

GERARD E. LYNCH
United States District Judge