UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――
LAWRENCE J. KONCELIK, JR.,                )
Individually and on Behalf of All Others  )
Similarly Situated,                       )
                                          )
                         Plaintiff,       )   Civil Action No. 08 Civ. 10262 (GBD)
                                          )
vs.                                       )
                                          )
SAVIENT PHARMACEUTICALS, INC.,            )
CHRISTOPHER G. CLEMENT, and               )
ZEBULUN D. HOROWITZ,                      )
                                          )
                         Defendants.      )
―――――――――――――――――――――――――


# LEAD PLAINTIFF'S SUR-REPLY MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Marc I. Gross
Tamar A. Weinrib
**POMERANTZ HAUDEK
  GROSSMAN & GROSS LLP**
100 Park Avenue, 26th Floor
New York, New York 10017
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

*Attorneys for Lead Plaintiff
Lawrence J. Koncelik, Jr.*

Lead Plaintiff respectfully submits this Sur-Reply to the Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss ("Reply").

## ARGUMENT

Defendants' reliance on Your Honor's decision in *In re Sanofi-Aventis Secs. Litig.*, 2009 U.S. Dist. LEXIS 88580 (S.D.N.Y. Sept. 25, 2009) is misplaced and based, once again, on a mischaracterization of Lead Plaintiff's claims.

As Your Honor will recall, in *Sanofi-Aventis*, plaintiffs alleged that defendants misrepresented facts concerning the company's "research activities and attempt to market a drug called 'rimonabant' used to treat obesity and related illnesses." *Id.* at *3. Unlike here, however, defendants in *Sanofi-Aventis* disclosed *all*, not some, of rimonabant's adverse side effects:

> Plaintiffs do not allege that Sanofi falsified study data or that defendants concealed clinical data gathered in the trials from either the investing public or the FDA. In fact, plaintiffs have failed to identify any specific safety data that was omitted from Sanofi's public disclosures which defendants had an affirmative duty to disclose.

*Id.* at *16. Thus, in *Sanofi-Aventis*, the only dispute was whether defendants should have also publicly *conceded* that the disclosed adverse effects *were caused by* the drug product.

The Court concluded that plaintiffs failed to plead both actionable misstatements and scienter, noting that "defendants repeatedly disclosed" the negative side effects and that "it was not reckless for defendants to interpret the drug's side effects to be insufficiently severe to prevent FDA approval." *Id.* at *21.

Defendants' citation to *Sanofi-Aventis* is consistent with their efforts to manufacture a "straw man" argument in this case, *i.e.*, whether Defendants "recklessly ignored a causal connection between the SAEs and the drug…" Def. Reply Br. at 5. This argument once again misses the point. Lead Plaintiff alleges that Defendants failed to disclose five additional

1

cardiovascular SAEs, *not* that Defendants misstated their belief that the three disclosed SAEs were unrelated to the drug product.

There is no dispute that the Complaint here adequately particularizes facts demonstrating that Defendants knew the full number of cardiovascular SAEs well before the Class Period even started, but chose to selectively disclose only three of them. ¶¶ 3, 40. Defendants' belief, reasonable or otherwise, that any SAEs were unrelated to Pegloticase, is no defense to concealment of a material number of additional SAEs, disclosure of which (even with a qualification) caused Savient's stock price to decline 73.5%. ¶¶ 7, 44.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in earlier Memoranda of Law, Lead Plaintiff respectfully submits that Defendants' motion to dismiss the Amended Complaint should be denied.

Dated: October 21, 2009

Respectfully submitted,

**POMERANTZ HAUDEK
GROSSMAN & GROSS LLP**

  /s/ Marc I. Gross
Marc I. Gross
Tamar A. Weinrib
100 Park Avenue, 26th Floor
New York, New York 10017
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

2

Patrick V. Dahlstrom
**POMERANTZ HAUDEK
  GROSSMAN & GROSS LLP**
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 3771184

*Attorneys for Lead Plaintiff
Lawrence J. Koncelik, Jr.*

3